ORIGINAL

FILED
JUL 23 2014
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Robert Dean Larson, Annuitant,  ) Case No.:
                                )
Judith Meadows Larson, Annuitant ) Larson v. Archuleta
                                )
                                )   14- 646C
            Plaintiff,          )
                                )
vs.                             )
                                )
Katherine Archuleta, Director,
Office of Personnel Management
Court Ordered Benefits Branch

            Defendant

### Jurisdiction

This claim is based on 5 USC 8341 et. seq. providing that the Court Ordered Benefits Branch of the Office of Personnel Management will honor state divorce court ordered divisions of Federal Retirement and Survivor Annuity Benefits in divorce cases based on the language in a certified and qualified court order acceptable for processing



RECEIVED
JUL 2 3 2014
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

Robert Dean Larson worked for the IRS for thirty three years, three of which are credited for military service completed before the marriage. He retired as a CSRS retiree in January 2000. He has a TSP account that has begun to pay minimum required distributions. He has enough Social Security credits to receive a very modest monthly check.

Judith Meadows Larson briefly worked for the IRS as a CSRS employee before starting a family. Her mother and step father are retired CSRS employees. She has a 401k plan that has begun to distribute similarly required distributions. Her statement joining this action is labeled Exhibit F.

Both are college educated. The match of income streams at the time of settlement was close enough that no alimony was ordered. Both of us are aware we can hire an attorney to represent us and each us has a copy of the Equal Access to Justice Claim form covering that subject. We think the facts speak for themselves.

### Facts Related to the Basis for the Claim

1 On August 20, 2013, Judith Larson's attorney submitted a certified copy of Florida's court order acceptable for processing to the Court Ordered Benefits Branch of the Office of Personnel Management, requesting that office process the provisions of the divorce settlement modifying Robert Larson's CSRS Civil Service Annuity Claim (CSA 39287590) to provide certain court-ordered benefits to Judith Meadows Larson. A certified copy of the court order and the final divorce decree are attached and labeled Exhibit A.

2. On April 22, 2014, Sherfreda Porter, a Paralegal Specialist with the Court Ordered Benefits Branch at OPM, issued a letter announcing the redistribution of Robert's retirement annuity in a manner that did not

reflect the plain language of the court order. A copy of that letter is attached and labeled Exhibit B.

3. A subsequent OPM Notice of Annuity Adjustment, dated May 23, 2014, confirmed that OPM had decided to begin distribution of our modified annuity effective June 1, 2014 based on Ms. Porter's determination letter. A copy of that notice is attached and labeled Exhibit C.

4. From September 1, 2013 until this date, OPM has continued to distribute our retirement annuity with the deduction appropriate for the maximum allowable survivor rate (55%,) as if we were still married, and withholding the cost ratably between us.

5. From August 1, 2013 to May 30, 2014, Robert Larson transferred an agreed amount of monthly support per the Florida divorce settlement to Judith Larson. Over the course of those nine months, she received $18,902 for her support while we awaited action by OPM.

**Exhaustion of Remedies at OPM**

No provisions for an appeal from that determination are mentioned in either of the attached OPM communications.

On June 12, 2014, Robert Larson sent a letter to Ms. Porter pointing out the plain language of the court order was being ignored concerning how our monthly annuities and Judith Larson's survivor annuity were to be calculated and how her survivor annuity costs were to be apportioned only against Judith Larson's share. A copy of that letter is attached and labeled Exhibit D. Robert Larson got no response to that letter.

On July 1, 2014, after Judith Larson advised Robert Larson about her dealings with OPM Porter, Robert sent a second appeal letter to Ms. Porter pointing out he is continuing to receive incorrect annuity payments and he outlined the specific computations he believed to be correct, together with a list of the corrective actions required to remedy the situation. A copy of

that letter is attached and labeled Exhibit E. Robert got no response to that letter.

Robert Larson has repeatedly contacted the Court Ordered Benefits Branch since the court order was filed with them eleven months ago. They did not provide status reports or instructions, they did not return phone calls or answer letters, and they have provided only vague and inaccurate responses to inquiries on our behalf from the offices of Representative Rooney and Senator Nelson. If Robert Larson does reach someone who admits they are handling the matter, they put him on hold for long periods of time until he gives up waiting. Robert has come to believe OPM does not have an appeal procedure in these matters, making a claim filed with this Court our only remedy. Judith Larson's statement joining the lawsuit [labeled Exhibit F] touches on these problems but, truthfully, Robert is 73 and just too old to be losing so much current income, $600+ month, with no end in sight.

### Issues Underlying the Claim

The OPM determination is based upon an inaccurate determination of the amount of Judith Larson's survivor annuity as specified in the court order and some costs, associated with Judith Larson's survivor annuity, are not being deducted from Robert's awarded share as required by the order.

The Qualified Court Order Acceptable for Processing was written by a law firm that specializes in such matters and is intended to specify the precise understandings underlying the final divorce decree as they relate to the division of the elements of Robert's CSRS retirement annuity. Both parties to the agreement were represented by counsel of their choice, selected for their past experience in handling divorce matters involving federal retirement issues. Knowledgeable, well represented, seasoned adults executed the divorce settlement and the court order and they believe the

language of the court order should withstand this court's scrutiny exactly as written, without further debate or delay.

The order states that, **"[the ex-wife] may receive the maximum allowable survivor annuity or any other survivor and death benefit that may be in effect, based on her share"**.

The maximum allowable survivor annuity allowance (55%) based on her monthly annuity share (40.91%) computes to 22.5% [.55 * .4091] of our combined gross CSRS retirement annuity benefit. And that combined gross monthly annuity benefit should be calculated upon a gross annuity benefit without any deduction for a survivor annuity. Any larger survivor annuity for Judith Larson would exceed the overall percentage settlement divisions specified in the order and would lower the survivor annuity that Robert Larson can grant to any future spouse of his.

| Maximum Survivor Annuity to Spouse | Survivor Annuity Available for Other Spouse |
|---|---|
| 55.0% | 0.0% |
| 40.9% | 14.09% |
| 22.5% | 32.5% |

Exhibit F supports Judith Larson's view that the qualified court order was intended to change the survivor benefit from the current 55% to 40.91% in line with the apportionment of the annuity she is now receiving.

The order further states that, **"Any and all deductions and/or costs attributed to this survivor benefit shall be the sole responsibility of [the ex-wife] and shall be deducted from her awarded share."** At present, OPM is apportioning some costs of her survivor annuity from both our shares (including from Robert's current income annuity portion) of our annuity income and has done so for almost a year.

**Prayer for Relief**

So, for the record, it is requested that this court order OPM to divide Robert Larson's CSRS pension annuity as specified in the qualified court order acceptable or processing that was submitted to OPM. More specifically OPM should be required to:

1. Consider the original maximum survivor annuity terminated, as provided by law, as of August 20, 2013 when the divorce became final and to recalculate the resulting gross annuity benefit accordingly without considering any reduction for a survivor annuity;
2. Divide the resulting gross annuity benefit by 40.91% and to award that amount to Judith Larson on a monthly basis with any COL adjustments that may occur, retroactive to August, 2013;
3. [Robert Larson's prayer] Award Judith Larson a survivor benefit of the maximum survivor annuity benefit allowable (55%) of her 40.91% share or about 22.5% of the combined gross annuity benefit and to deduct the cost of that survivor annuity from her current monthly annuity alone;
4. [Judith's Larson's prayer]Alternatively to 3, above, to award Judith Larson a survivor annuity at 40.91% of our joint gross annuity benefit as our shares are severed;
5. Pay over any balances due from these revised computations to Judith Larson and Robert Larson noting that Robert made monthly payments to her totaling $18,902 while the OPM was considering the matter. These balances due should exceed $7,200; and
6. Issue both of us a plain language document describing the implementation of the steps above and advising us of the portion of Robert's maximum allowable survivor benefit that remains available for Robert to grant to any future spouse.

We agree to accept this court's reading of the language in the order as the final word on the meaning of any contested portions of the order in order to bring this matter to a conclusion and we agree to hold our peace on the matter forever after, in any other forum.

Dated this 21st of July, 2014

_____
Robert Dean Larson

Robert Dean Larson, pro se
235 Courtyard Blvd #203
Sun City Center, FL 33573
(813) 654-3047

_____
Judith Meadows Larson

Judith Meadows Larson, pro se
1103 Cherry Hills Drive
Sun City Center, FL 33573
(803) 205-2014

REYNIER PEREZ
Notary Public - State of Florida
My Comm. Expires Feb 10, 2017
Commission # EE 873201